# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

AHMAD BAHJAT,
    *Plaintiff*,

      v.

ALEX COTTO, *et al*.,
    *Defendants*.

No. 3:19-cv-01344 (JAM)

## ORDER DISMISSING COMPLAINT
### PURSUANT TO 28 U.S.C. § 1915A

Plaintiff Ahmad Bahjat ("Bahjat"), is incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut. He has filed a civil rights complaint under 42 U.S.C. § 1983 against Correctional Officer Alex Cotto, Correctional Officer Andujar, and Nurse Rostkowski. He principally alleges that on June 30, 2016, he injured his shoulder in a prison van accident that occurred on the way back to MacDougall Correctional Institution ("MacDougall") from Connecticut Superior Court in New Haven. On September 3, 2019, I issued an order directing Bahjat to show cause why the allegations in the complaint should not be dismissed as barred by the statute of limitations, Doc. #6. Bahjat has filed a response to order to show cause. For the reasons set forth below, I will dismiss Bahjat's complaint pursuant to the Court's initial review authority under 28 U.S.C. § 1915A.

## BACKGROUND

The following facts as alleged in the complaint are assumed to be true solely for purposes of my initial evaluation of the complaint. On June 30, 2016, Bahjat waited in handcuffs in the back of a prison van to be transported to MacDougall from the Connecticut Superior Court for the Judicial District of New Haven. *See* Doc. #1 at 5 (¶ 1-2). Officer Alex Cotto was the driver of the van, and Correctional Officer Andujar sat in the front passenger seat of the van. *Id.* (¶ 1). As

Officer Cotto attempted to back out of the garage at the courthouse, he hit a gate, causing the back window of the van to shatter. *Id.* (¶ 3). The impact caused Bahjat, who was not wearing a seatbelt, to hit his right shoulder on the inside of one of the van's doors. *Id.* at 6 (¶ 4).

Neither Officer Cotto nor Officer Andujar checked to see if Bahjat had been injured and they neglected to contact the police, court personnel or Department of Correction personnel immediately following the accident. *Id.* (¶ 5). Instead, Officer Cotto drove the van back to MacDougall. *Id.* (¶ 6).

Upon his arrival at MacDougall, an officer escorted Bahjat to the medical unit. *Id.* Bahjat alleges that he told Nurse Rostkowski that he was experiencing pain in his right shoulder. *Id.* Nurse Rostkowski completed a Medical Incident Report indicating that she had prescribed Tylenol for Bahjat's complaints of right shoulder pain, but Bahjat stated that he was fasting. She advised Bahjat to contact the medical department if he continued to experience pain in his shoulder, and a medical staff member would provide Bahjat with Motrin later that day. Doc. #1-1 at 6. Nurse Rostkowski did not enter an order that Bahjat undergo an x-ray or an MRI of his shoulder or put him on a list to see a physician. Doc. #1 at 6 (¶ 6)

A week later, prison officials at MacDougall transferred Bahjat to Northern Correctional Institution. *Id.* at 6 (¶ 7). Bahjat wrote to medical staff members at Northern for many months regarding pain in his shoulder. *Ibid.* Medical officials provided him with medication to relieve the pain. *Ibid.* A physician subsequently examined Bahjat and referred him for a shoulder x-ray. *Id.* at 6 (¶ 8). Based on the results of the x-ray, a physician informed Bahjat that it appeared to be a nerve issue and discussed the possibility of future surgery. *Id.* Bahjat continues to experience pain in his right shoulder. *Id.* at 6 (¶ 9).

On May 28, 2019—that is, just under three years after the incident in the van—Bahjat filed a lawsuit in Connecticut Superior Court against Officer Cotto for common-law negligence but making broadly the same allegations as set forth above, and seeking $500,000 in compensatory damages as well as unspecified relief for violations of civil rights. *See Bahjat v. Cotto*, No. HHD-CV-19-5059833-S (Conn. Super. Ct. 2019).[1] He did not name Officer Andujar or Nurse Rostkowski in his state court lawsuit. After Officer Cotto moved to dismiss the suit—alleging, among other things, that he had never been properly served, and that any official capacity state tort suits were barred by Conn. Gen. Stat. § 4-165—Bahjat filed a notice of withdrawal, voluntarily dismissing the action in its entirety on August 21, 2019. Bahjat subsequently filed this lawsuit nine days later on August 30, 2019, more than three years after all of the acts complained of against the three defendants in his complaint.

Bahjat's complaint includes no request for relief, but, construing his papers liberally, I understand the complaint to state a claim under 42 U.S.C. § 1983 alleging that the defendants were deliberately indifferent to Bahjat's safety and serious medical needs in violation of the Eighth Amendment to the U.S. Constitution. Shortly after the lawsuit was filed, I entered an order to show cause why it should not be dismissed on statute of limitations grounds. Doc. #6. Bahjat filed a response to the order to show cause, stating that there had been delay by attorneys he had sought to retain and because of the state court lawsuit that he filed but later withdrew. Doc. #8.

---

[1] *See Superior Court Case Look-Up*, CONN. JUDICIAL BRANCH (Feb. 19, 2020), http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=HHDCV195059833S (full docket) [https://perma.cc/7UGG-TQLC].

A section 1983 claim of the kind filed by Bahjat has a three-year statute of limitations when filed in Connecticut. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (holding that federal section 1983 claims track the statute of limitations set forth in Conn. Gen. Stat. § 52-577, which in turn limits actions to three years from "the date of the act or omission complained of"). Bahjat's claim concerns his transportation in a prison van and subsequent treatment on or around June 30, 2016. But Bahjat filed the present lawsuit on August 30, 2019—three years and two months after this date, and well after the statute of limitations had run. *See* Doc. #1.

The statute of limitations ordinarily is an affirmative defense. The Second Circuit has held, however, that a district court may dismiss a complaint if the allegations demonstrate that the relief sought is barred by the applicable statute of limitations. *See Walters v. Industrial and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *accord Pino v. Ryan*, 49 F.3d 51, 5354 (2d Cir. 1995).

Because Bahjat is not represented by counsel, I am obliged to construe Bahjat's complaint and his response to the order to show cause to raise the strongest arguments they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010). I consider Bahjat to raise three arguments against dismissal on statute of limitation grounds. First, it could be argued that this federal action "relates back" to Bahjat's state court lawsuit, rendering this action timely. Second, it could be argued that by filing and then withdrawing his timely state action, Bahjat has procured an extension of the statute of limitations—which in a 1983 action is derived from the forum state's statute of limitations, here the general statute of limitations prescribed by Connecticut—by operation of the Accidental Failure of Suit Act, Conn. Gen. Stat. § 52-592(a). Third, it could be argued that Bahjat may be entitled to "equitable tolling," that is, an extension

of the statute of limitations "as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights, or h[as] asserted his rights in the wrong forum." *Johnson v. Nyack Hosp*., 86 F.3d 8, 12 (2d Cir. 1996).

Unfortunately for Bahjat, his decision to withdraw the state lawsuit seriously complicates any effort to use it as a vehicle to preserve this federal lawsuit under all three arguments. As I explained in *Johnson v. Teague*, 2014 WL 2515214, at *3 (D. Conn. 2014), the "relation back" rules under the Federal Rules of Civil Procedure involve claims that originated in federal court or that were removed to federal court from a state court. *See, e.g*., Fed. R. Civ. P. 15(c). Here, however, Bahjat's state court action was not removed or transferred to federal court; instead, it was withdrawn. *See* Doc. # 1 at 4. Accordingly, no basis in law exists to apply a relation-back or similar rule. *See Forras v. Rauf*, 39 F. Supp. 3d 45, 57 (D.D.C. 2014) (declining to apply "relation back" doctrine under similar facts).

Likewise, although Connecticut has an Accidental Failure of Suit Act, Conn. Gen. Stat. § 52-592(a), that may have applied if the Connecticut Superior Court had *dismissed* Bahjat's state suit for lack of jurisdiction, the Second Circuit has held that this statute does not extend the statute of limitations when, as here, Bahjat voluntarily *withdrew* his prior state lawsuit. *See LaCroix v. Board of Educ. Of City of Bridgeport*, 844 F.2d 88, 90 (2d Cir. 1998) (*per curiam*); *Garcia v. United States*, 2008 WL 4298319, at *2 (D. Conn. 2008).

Finally, although the statute of limitations may be subject to equitable tolling where, as here, a plaintiff has "asserted his rights in the wrong forum," *Johnson*, 86 F.3d at 12, equitable tolling is available only in "rare and exceptional circumstances"—that is, where "extraordinary circumstances" prevented a party from timely performing a required act and where the party

"acted with reasonable diligence throughout the period he [sought] to toll." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005).

There were no extraordinary circumstances that led Bahjat to file his suit in the wrong forum, or, indeed, to take nearly three years to gather information or seek out potential attorneys for his claim. Bahjat ascribes part of the delay in his filing to the length of time it took for him to request certain medical papers via the Freedom of Information Act, Doc. #8 at 5, but the papers Bahjat sought via the Freedom of Information Act were not necessary to his claim; simply searching for additional information cannot serve as the basis for equitable tolling. *See Mao Zhu Lin v. Holder*, 361 F. App'x 279, 281 (2d Cir. 2010) (rejecting claim of diligence owing to FOIA request when plaintiff did not explain how FOIA request was necessary to file her claim).

Although Bahjat states in a general way that he was bewildered by the legal system and at a loss as to how to prepare his claim, Doc. #8 at 1-3, this generalized assertion does not establish "reasonable diligence" for the period Bahjat seeks to have tolled. Moreover, to the extent that Bahjat seeks tolling for the limited time that his state court lawsuit was pending, tolling would at most apply only as to Bahjat's lawsuit against Officer Cotto, because Bahjat did not name either Officer Andujar or Nurse Rostkowski in his state court lawsuit. And Bahjat offers no excuse for having failed to name Officer Andujar and Nurse Rostkowski in any lawsuit within the three-year limitations period.

As for Officer Cotto, although there is authority for the proposition that a district court may toll the statute of limitations for at least certain causes of action during the pendency of a wrongly-filed state court action against the same defendant, *see, e.g.*, *Burnett v. New York Cent. R. Co.*, 380 U.S. 424 (1965); *Hahn v. Waddington*, 694 F. App'x 494, 495 (9th Cir. 2017); *cf. Williams v. Walsh*, 558 F.2d 667, 676 (2d Cir. 1977), I would dismiss the claim for failure to

allege facts to suggest that Officer Cotto was anything more than negligent. A claim for deliberate indifference to safety or medical needs under the Eighth Amendment requires allegations of subjective recklessness more than a showing of mere negligence. *See, e.g.*, *Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012). The complaint here alleges simply that Officer Cotto failed to ensure that Bahjat had a seatbelt on, that Officer Cotto backed up the prison van into a gate while inside a garage, and that Officer Cotto neglected to check on Bahjat right after the accident. Doc. #1 at 5-6. These allegations sound not in recklessness but in negligence, consistent with the fact that Bahjat initially chose to file his lawsuit in state court claiming only that Officer Cotto had been negligent.

CONCLUSION

The Court DISMISSES the complaint as to Officer Andjuar and Nurse Rostkowski on the ground that it is barred by the statute of limitations. The Court DISMISSES the complaint as to Officer Cotto on the grounds that, even if not barred by the statute of limitations, it fails to plausibly state a claim that Officer Cotto acted with deliberate indifference in violation of the Eighth Amendment to the U.S. Constitution. *See* 28 U.S.C. § 1915A(b)(1). This dismissal order is with prejudice as to Officer Andjuar and Nurse Rostkowski and without prejudice as to Officer Cotto. Bahjat's motions for appointment of counsel and to enforce due process (Docs. #9 and #10) are DENIED as moot in light of this dismissal order. The Clerk of Court shall close this case. It is so ordered.

Dated at New Haven this 4th day of March 2020.


/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge